## JOHN S. GRIFFITH v. F. N. GARY.

Unless the liability of an indorser has been fixed by bringing suit against the maker, as required by the 1st section of the act of March 20, 1848, he cannot be made liable. (Paschal's Dig., Art. 229, Note 290.)

The court judicially knows that the district courts hold two terms each year.

ERROR from Smith. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The facts are sufficiently stated in the opinion of the court.

*Robertson & Herndon*, for plaintiff in error, cited Elliott v. Wiggins, 16 Tex., 597.

*M. A. Long & Stephen Reaves*, for defendant in error, contended that the ordinance No. 11, section 6, in relation to limitation, controlled the case. (Paschal's Dig., Art. 4631a.)

MORRILL, C. J.—On April 28, 1860, one Sanford executed to Griffith his note for $1,150, payable January 1, 1861, which Griffith assigned to Gary before due.

On January 2, 1866, the assignee brought suit against the maker and indorser. The petition contains no allegations showing why suit was not brought at the first term of the court to which it could be brought.

Defendant, Sanford, made no defense, and, as he is not a party to the record in this court, no further notice of the proceedings as to him will be had. The indorser, Griffith, excepted to the sufficiency of the petition to hold him liable, and pleaded specially that he had not become liable as indorser, because suit had not been brought at the first term of the court or at the second term of the court after the right of action accrued, &c. (Paschal's Dig., Art. 229.)

Judgment was rendered against both maker and indorser,

and the latter appeals, and assigns as error, that the court held him liable, as indorser, to pay the debt.

We judicially know that the district court of each and every county is held, or required to be held, twice in each year; and, therefore, the furthest possible time from and after any given date that a court will be held is six months; unless, therefore, suit in the case at bar were brought previous to July, 1861, or at the next term of the court, and good reason shown why it was not brought previously, the defendant was not liable. And as the suit was not instituted against the maker of the note for two terms of the court subsequent to the time the note fell due, and as there was no legal impediment to bringing suit during this term, the judgment of the district court, so far as relates to the indorser, Griffith, is reversed, and the suit dismissed.

ORDERED ACCORDINGLY.